# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:06-cv-0183 OWW CCC |
| Plaintiffs, | SCHEDULING CONFERENCE ORDER |
| v. | |
| 1998 JEEP CHEROKEE, VIN: 1J4GZ48S5WC293316, LICENSE NUMBER: 5N0J010, | |
| Defendant. | |

I.  Date of Scheduling Conference.

    June 28, 2006.

II. Appearances Of Counsel.

    Stephanie Hamilton Borchers, Esq., Assistant U.S. Attorney, appeared on behalf of Plaintiff.

    There was no appearance by Defendant.

III. Summary of Pleadings.

    1.  This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that Defendant vehicle constitutes a conveyance used or intended to be used to transport, or to facilitate the transportation, sale, receipt, possession, or concealment of a controlled

1

substance and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

    2.   The Defendant 1998 Jeep Cherokee, VIN: 1J4GZ48S5WC293316, License Number: 5N0JO10(hereinafter the "Defendant vehicle"), was seized from Onecimo Viverous and Edwar Lopez Rodriguez on September 19, 2005, on land in the Eastern District of California by the Drug Enforcement Administration (DEA). The action was published on March 29, 2006, in the Merced Sun Star (Merced County) pursuant to the Order of Publication filed February 23, 2006. The Proof of Publication was filed on April 17, 2006. On March 10, 2006, Onecimo Viverous and Edwar Lopez Rodriguez were personally served with copies of the complaint, application and order for publication warrant and summons for arrest, summons in a civil case, order setting mandatory scheduling conference, standing order in all civil cases assigned to U.S. Magistrate Judge Lawrence J. O'Neill, notice of availability of a magistrate judge and notice of availability of dispute resolution.

    3.   On or about March 20, 2006, Maria Delaluz Espindola was personally served with copies of the above-listed documents. On March 23, 2006, Maria Delaluz Espindola filed a Notice of Withdrawal of Claim with the Court. The Government believes the withdrawal of claim is in regards to Ms. Espindola's claim filed with the Drug Enforcement Administration in the administrative forfeiture. To date, no other potential claimants have filed a claim or answer in this action.

    4.   The Government and the Potential Claimants in this case are in the process of entering into a Stipulation for Final

Judgment of Forfeiture.  Upon entry of a Final Judgment of Forfeiture, the Defendant 1998 Jeep Cherokee, VIN: 1J4GZ48S5WC293316, License Number: 5N0J010, shall be forfeited to the United States and disposed of according to law.

IV.   Orders Re Amendments To Pleadings.

    1.   Only one alleged claimant has responded.  On or about March 20, 2006, Maria Delaluz Espindola was personally served with the Summons and Complaint and related documents and this Civil Forfeiture Action.  On March 23, 2006, Ms. Espindola filed a Notice of Withdrawal of Claim, although she never filed a claim in the first instance.

    2.   Two other individuals who were associated with the property on which criminal activity is alleged to have been conducted on Onecimo Viverous and Edwar Lopez Rodriguez have been personally served with copies of the Summons and Complaint and related Forfeiture documents, they have not responded.

    3.   The government proposes to enter the default of Ms. Espindola.

    4.   The government is attempting to complete a stipulation for entry of final judgment of forfeiture.  Absent obtaining such a stipulation, the government will move to enter the default of all parties as publication has previously been effected in accordance with the requirements of law.

    5.   Plaintiff does not propose any amendments to the existing pleadings.

V.   Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.    Not applicable.

  B.    Contested Facts.

        1.    Not applicable.

VI. Legal Issues.

  A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 81.

        2.    Venue is proper under 28 U.S.C. § 1395.

  B.    Contested.

        1.    There appear to be no disputed issues.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.    It is anticipated that this matter will proceed to stipulated judgment.  If a stipulation is not obtained the matter will be set on the court's calendar for entry of default.  In the event that stipulations have not been accomplished on or before July 20, 2006, Plaintiff will move in accordance with the Federal Rules of Civil Procedure to effectuate entry of judgment by

1  **default in the case.**

3  IT IS SO ORDERED.

4  **Dated:   June 28, 2006**                        **/s/ Oliver W. Wanger**
   emm0d6                                       UNITED STATES DISTRICT JUDGE