IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>1998 JEEP CHEROKEE,<br>VIN: 1J4GZ48S5WC293316,<br>LICENSE NUMBER: 5NOJ010,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. CV F 06-0183 AWI LJO<br><br>**FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**<br>(Doc. 22.) |

**INTRODUCTION**

In this civil forfeiture action, plaintiff United States of American ("Government") seeks:

1. Default judgment against the interests of Onecimo Viveros ("Mr. Viveros"), Edwar Lopez Rodriguez ("Mr. Rodriguez") and Maria Delaluz Espindola ("Ms. Espindola") in the defendant 1998 Jeep Cherokee vehicle ("Jeep");[1] and

2. Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Jeep.

This Court considered the Government's default and final forfeiture judgment motion on the record and without oral argument or the now vacated December 1, 2006 hearing, pursuant to this Court's Local

---

[1] The subject Jeep's vehicle identification number is 1J4GZ48S5WC293316, and its California license number is 5NOJ010.

Rule 78-230(c)[2] and (h). For the reasons discussed below, this Court RECOMMENDS to:

1. GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Jeep; and

2. ORDER the Government, within 10 days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

### BACKGROUND[3]

#### Jeep Seizure

Mr. Viveros[4] and Mr. Rodriguez were targets of a Drug Enforcement Administration ("DEA") investigation into a nine-pound sale of methamphetamine. The Jeep is registered to Ms. Espindola and was used in connection with a September 19, 2005 buy of methamphetamine by a confidential source and which culminated in Mr. Viveros and Mr. Rodriguez' arrests and the Jeep's seizure. A search of the Jeep revealed a loaded 9 mm handgun and false compartment under the rear driver-side seat. Mr. Viveros and Mr. Rodriguez were indicted on possession of methamphetamine with intent to distribute and aiding and abetting. The criminal case against Mr. Viveros and Mr. Rodriguez is pending.

#### The Government's Claims

On February 17, 2006, the Government filed its complaint for forfeiture in rem ("complaint") in this action to claim that the Jeep is subject to forfeiture to the Government under 21 U.S.C. § 881(a)(4) in that the Jeep constitutes a conveyance used or intended to be used to transport, or to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance. On February 21, 2006, this Court issued a warrant and summons for arrest in rem ("arrest warrant") for the Jeep. The arrest warrant was executed on March 10, 2006.

/ / /

/ / /

---

[2] No timely opposition papers were filed. Pursuant to this Court's Local Rule 78-230(c), no opposing party is entitled to oral argument in the absence of timely filed opposition papers.

[3] The below factual recitation is based on the Government's papers and record before this Court.

[4] The Government's papers note that Mr. Viveros used the alias "Ramero."

**Notice Of Forfeiture Action**

This Court issued its February 23, 2006 order for publication ("publication order") for the Government to provide public notice of this action and arrest of the Jeep by publication in the Merced Sun-Star. Such notice appeared in the Merced Sun-Star on March 26, 2006, and the Government filed proof of such publication on April 17, 2006.

On March 10, 2006, the Government personally served Mr. Viveros and Mr. Rodriguez with copies of the complaint, arrest warrant, publication order and other papers related to this action. On March 20, 2006, the Government personally served Ms. Espindola with copies of the complaint, arrest warrant, publication order and other papers related to this action. On March 23, 2006, Ms. Espindola filed her notice to withdraw claim to the Jeep.

**Default Entries**

At the Government's request, this Court's clerk entered in this action a September 14, 2006 default against Mr. Rodriguez, September 14 and 18, 2006 defaults against Mr. Viveros, and a September 20, 2006 default against Ms. Espindola.

**DISCUSSION**

**Complaint's Sufficiency**

The Government contends that its complaint's allegations and issuance of the arrest warrant based on probable cause "provide ample grounds" for the Jeep's forfeiture. A complaint's sufficiency is a factor to consider whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). The Government notes that its complaint's allegations arise from the underlying parallel criminal prosecution of Mr. Viveros and Mr. Rodriguez. Thus, according to the Government, the Jeep is subject to forfeiture under 21 U.S.C. §881(a)(4) ("All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of illegal controlled substances.)

As noted by the Government, the Jeep was involved in the subject methamphetamine sale, "facilitated the transportation of narcotics for sale and had a hidden compartment specifically installed for that purpose." In the absence of assertion of interests in the Jeep, this Court is not in a position to question the sufficiency of the Government's claims in this action.

**Notice Requirements**

The Government contends that it provided required notice for the Jeep's forfeiture. The Fifth Amendment's Due Process Clause prohibits the Government to deprive property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct. 492 (1993).

Judicial property forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Supplemental Rule C(4) requires the Government to give notice of forfeiture proceedings by publication alone. This Court's Local Admiralty and In Rem Rules echo Supplemental Rule C(4)'s notice of forfeiture action by court-ordered publication in a newspaper of general circulation in the district where the action is filed. *See* Local Rule A-530 (incorporating Local Rule 83-171 by which court is to designate appropriate newspaper and manner of publication). The Government accomplished such notice with the publication order and publishing notice of this action and the arrest of the Jeep in the Merced Sun-Star in March 2006.

However, when the Government knows of an owner of defendant property, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by Supplemental Rule C(4)." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the . . . forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

This Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) if the property is in the hands of a law enforcement officer, by personal service on the person having

4

1  custody prior to its possession by law enforcement agency or officer; and (3) by personal service or
2  certified mail, return receipt requested, to every other person who has not appeared in the action and is
3  known to have an interest in the property; provided that failure to give actual notice to such other person
4  may be excused upon a satisfactory showing of diligent efforts to give such notice without success.
5  Local Rule A-540(a).

6  Putting aside the Supplemental Rules and Local Rule A-540(a), the Government provides
7  sufficient notice if such notice complies with F.R.Civ.P. 4 requirements.  *See* F.R.Civ.P. 4(n)(1) (when
8  a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the
9  manner provided by statute or by service of a summons under this rule.")

10  Here, the Government personally served Mr. Viveros, Mr. Rodriguez and Ms. Espindola with
11  the complaint, arrest warrant, publication order and other papers regarding this action.  Ms. Espindola
12  filed in this action a withdrawal of her claim in the Jeep.  No notice issues arise as to the Jeep's
13  forfeiture.

14  **Failure To Answer**

15  The Government contends that this Court's clerk properly entered defaults against Mr. Viveros,
16  Mr. Rodriguez and Ms. Espindola.  Supplemental Rule C(6)(a) addresses responsive pleadings in civil
17  forfeiture actions such as this and requires a person who asserts an interest in or right against the subject
18  property to file a verified statement to identify the interest or right within 30 days after the earlier of: (1)
19  service of the Government's complaint; or (2) completion of publication notice.  Failure to comply with
20  Supplemental Rule C(6) requirements precludes a person to establish standing as a party to a forfeiture
21  action.  *Real Property*, 135 F.3d at 1317.

22  As outlined above, the Government on March 10 and 20, 2006, personally served Mr. Viveros,
23  Mr. Rodriguez and Ms. Espindola with copies of the complaint, arrest warrant, publication order and
24  other papers related to this action.  On March 23, 2006, Ms. Espindola filed her notice to withdraw claim
25  to the Jeep.  Publication notice was completed on March 26, 2006, and the Government filed proof of
26  such publication notice on April 17, 2005.  More than 30 days have passed since completion of
27  publication notice and since service of the complaint on Mr. Viveros, Mr. Rodriguez and Ms. Espindola.
28  This Court's clerk properly entered defaults upon failure of the potential claimants to respond to the

Government's complaint and notices.

**Default Judgment**

The Government seeks judgment against the interests of Mr. Viveros, Mr. Rodriguez and Ms. Espindola and final forfeiture judgment to vest in the Government all right, title and interest in the Jeep. The Supplemental Rules do not provide a procedure to seek default judgment. Supplemental Rule A provides: "The general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Default entry is a prerequisite to default judgment. F.R.Civ.P. 55(a) governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

As noted above, the Government properly obtained default entries against the interests of Mr. Viveros, Mr. Rodriguez and Ms. Espindola. There is no impediment to default judgment sought by the Government as to them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the Jeep. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

In light of the defaults and Ms. Espindola's withdrawal of claim in the Jeep, a final forfeiture judgment is in order for the Government.

**RECOMMENDATIONS AND ORDER**

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT plaintiff United States of America default judgment against the interests of Onecimo Viveros, Edwar Lopez Rodriguez and Maria Delaluz Espindola in the defendant 1998 Jeep Cherokee vehicle identification number 1J4GZ48S5WC293316, California license number 5NOJ010;

2. ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in the defendant 1998 Jeep Cherokee vehicle identification number 1J4GZ48S5WC293316, California license number 5NOJ010; and

3. ORDER plaintiff United States of America, within 10 days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than December 5, 2006, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and otherwise in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Responses to objections shall be filed and served no later than December 15, 2006 and otherwise in compliance with this Court's Local Rule 72-304(d).  The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 20, 2006**                      **/s/ Lawrence J. O'Neill**
66h44d                                                                  UNITED STATES MAGISTRATE JUDGE